UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | Bankruptcy Case No. 96-61799-fra13 |
| ROBERT JAMES BOONE and SANDRA JEAN BOONE, | |
| Debtors. | |
| ROBERT JAMES BOONE, | Adversary Proceeding No. 09-6137-fra |
| Plaintiff, | |
| vs. | |
| THE STATE OF CALIFORNIA; ARNOLD SCHWARZENEGGER, in his official capacity as Governor of California; COUNTY OF ALAMEDA FAMILY SUPPORT DIV.; JAN STURLA, in his official capcity as Director of Child Support Services, | MEMORANDUM OPINION[1] |
| Defendants. | |

Plaintiff filed a complaint seeking declarative relief and damages for violation of the terms of the order confirming his chapter 13 plan. Defendants State of California, Arnold Schwarzenegger and Jan Sturla (the "California State Defendants")filed a motion to dismiss

---

[1] This disposition is not intended for publication other than on the Court's website.

Page 1 - MEMORANDUM OPINION

themselves as party defendants. For the reasons that follow, Defendants' motion will be granted, with Plaintiff given leave to replead.

FACTS

A. The Chapter 13 Bankruptcy

Plaintiff filed a chapter 13 bankruptcy on April 24, 1996 jointly with his wife Sandra Boone.[2] Creditor, and named defendant in this adversary proceeding, County of Alameda Family Support Division filed a proof of claim for an unsecured priority debt of $20,964.62. The debt was for unpaid child support payments calculated as of the bankruptcy petition date.

Over the term of the chapter 13 plan, the Trustee paid a total of $20,964.62 to the Alameda Family Support Division, as well as payments to another priority unsecured claimant (i.e. the IRS) and several secured creditors. No interest was paid on the priority unsecured claims and nonpriority unsecured claimants received no dividend. On October 12, 2000, an order was entered granting the Debtors a discharge of debts, subject to certain exceptions as provided by the Bankruptcy Code.[3] By the terms of the order, creditors are prohibited from attempting to collect any debt that has been discharged.

// // //
// // //
// // //

---

[2] The Court takes notice of its bankruptcy file which contains all documents entered in Plaintiff's chapter 13 bankruptcy case, including proofs of claim filed by creditors.

[3] Including those debts described under 11 U.S.C. § 523(a)(5) for spousal or child support.

Page 2 - MEMORANDUM OPINION

B. The Complaint

Plaintiff alleges that Defendant Alameda County, "while under the direction and control of Sturla and Schwarzenegger," continues to garnish Plaintiff's wages, tax refunds, and bank accounts and has threatened him in other ways for a debt that was paid off by the chapter 13 bankruptcy. He seeks a declaration from this Court that the Defendants violated the order confirming Debtors' chapter 13 plan, compensatory civil contempt sanctions, punitive damages, compensatory damages, costs and attorney fees, and an injunction on further collection activities.

STANDARDS FOR MOTION TO DISMISS

Review of a complaint under Fed.R.Civ.P. 12(b)(6)[4] is based on the contents of the complaint, the allegations of which are accepted as true and construed in the light most favorable to the plaintiff. North Slope Borough v. Rogstad *(In Re Rogstad)*, 126 F.3d 1224, 1228 (9th Cir. 1997)(citations omitted). "[O]nce a claim has been adequately stated, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 127 S.Ct.1955, 1969 (2007)(internal citation omitted).[5] This standard requires "enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the cause of action]. Id. at 1965. The court need not accept as true unreasonable inferences or conclusory legal

---

[4] Fed.R.Civ.P. 12(b)(6) is made applicable by Fed.R.Bankr.P. 7012(b).

[5] The Bell Atlantic Corp. opinion supercedes that part of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), wherein the Supreme Court stated that dismissal for failure to state a claim is improper unless it appears beyond a doubt that the plaintiff can prove no set of facts to support his claim or entitle him to relief.

Page 3 - MEMORANDUM OPINION

allegations cast in the form of factual allegations. Naert v. Daff, *(In Re Washington Trust Deed Service Corp.),* 224 B.R. 109, 112 (BAP 9th Cir. 1998).

In considering the motion, the court may not consider any material "beyond the pleadings." Hal Roach Studios. Inc. v. Richard Feiner and Co. Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, material which is properly submitted as part of the complaint may be considered. Id. Exhibits submitted with the complaint may also be considered. Durning v. The First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). Further, a document whose contents are alleged in the complaint, or which is crucial to the complaint, and whose authenticity no party questions, but which is not physically attached to the pleading, may be considered. Branch v. Tunnell, 14 F.3d 449, 453-454 (9th Cir. 1994), cert. den. 119 S. Ct. 510(l998)(contents alleged in, but not attached to, complaint); Parrino v. FHP, Inc., 146 F.3d 699, 705-706 (9th Cir. 1998)(not specifically alleged and unattached, but integral to plaintiffs claims). Finally, matters that may be judicially noticed may be considered, Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds, Astoria Federal Savings and Loan Ass'n v. Solimino, 501 U.S. 104 (1991), including court records in related or underlying cases. In re American Continental Corp./ Lincoln Sav. & Loan Securities Litigation, 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom., Lexecon Inc. v. Milberg Weiss Bershad Hynes and Lerach, 523 U.S. 26 (1998).

/ / / / /

/ / / / /
Page 4 - MEMORANDUM OPINION

DISCUSSION

A. Failure to State Facts Indicating Liability:

The California State Defendants argue, and I agree, that the Complaint fails to allege facts from which the court could find them liable for the actions alleged. The actions complained of were allegedly made by Alameda County, not the California State Defendants. While the complaint makes the general statement that representatives of Alameda County acted under the "direction and control" of defendants Sturla and Schwarzenegger, this is a conclusory legal allegation rather than an allegation of specific facts which, if proven, would present a prima facie case against the defendants. There are no allegations of fact presenting a sufficient causal connection between the California State Defendants and the alleged injury to Plaintiff. It is not the Court's responsibility to direct the Plaintiff as to the facts which must be presented, but the facts alleged must allow "the court to draw a reasonable inference that the Defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. at 570.

B. Claims Precluded by Constitution and Bankruptcy Code:

The Complaint seeks recovery from the California State Defendants of compensatory damages, punitive damages, and attorney fees pursuant to 42 U.S.C. § 1988 and of noncompensatory punitive damages. The Eleventh Amendment precludes damage claims and attorney fees against the California State Defendants in their official capacities, Kentucky v. Graham, 473 U.S. 159, 169 (1985), and 11 U.S.C. § 106(a)(3) of the Bankruptcy Code precludes punitive damages against a governmental unit.

The Supreme Court in <u>Central Virginia Community College v. Katz</u>, 546 U.S. 356 (2006) held that the States acquiesced in a subordination of their sovereign immunity with respect to the *in rem* jurisdiction of the bankruptcy court when they ratified the U.S. Constitution containing the Bankruptcy Clause. However, the damage claims asserted by Plaintiff herein requires not *in rem* jurisdiction, but *in personam* jurisdiction of the California State Defendants.

Counsel for Plaintiff has admitted that this Court lacks jurisdiction over the California State Defendants in their official capacities and that he intends to name Messrs. Sturla and Schwarzenegger in their individual capacities. <u>See</u> <u>Smith v. Wade</u>, 461 U.S. 630, 632 (1983). In a repled complaint, Plaintiff has the burden to establish that this court has *in personam* jurisdiction over the Defendants. Failure to establish jurisdiction over these Defendants will result in their dismissal.

<u>CONCLUSION</u>

For the reasons given, the motion to dismiss by Defendants State of California, Arnold Schwarzenegger and Jan Sturla, in their official capacities, will be granted. Plaintiff will be allowed to file an amended complaint taking into account the Court's concerns addressed herein. An order will be entered by the Court consistent with this Memorandum Opinion.

FRANK R. ALLEY, III
Bankruptcy Judge